# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRIAN FERRAIOLI,<br>*Defendant*. | No. 3:17-cr-177 (JAM) |

## ORDER DENYING MOTION TO MODIFY RESTITUTION ORDER

If a criminal defendant defrauds victims of their money and is sentenced to prison, is it unlawful or unfair to require him to pay restitution from funds that his family members donate to his prison commissary account? I don't think so. Therefore I will deny defendant Brian Ferraioli's motion to modify his restitution order.

On May 7, 2018, the Court sentenced Ferraioli to a term of imprisonment of 72 months and a restitution order of $6,896,927, following his plea of guilty to charges of wire fraud and tax evasion. Doc. #44 at 1. Ferraioli's conviction arose from an immense penny stock fraud conspiracy defrauding thousands of victims. The Court further required Ferraioli to pay $200 per month or 10% of his income in restitution, whichever amount is greater. Docs. #44 at 2; #52 at 78.

Following the sentencing hearing, the Court entered a supplemental restitution order providing that Ferraioli would be subject to the Bureau of Prisons (BOP) Inmate Financial Responsibility Program (IFRP), pursuant to which restitution payments up to the maximum amount permitted under the IFRP guidelines could be implemented. Doc. #45 at 3. The IFRP is a voluntary program through which inmates work with staff to develop a plan to meet their financial obligations, and those who comply with the IFRP requirements retain a number of

1

privileges in exchange. *See* 28 U.S.C. § 545.11(b), § 545.11(d) (refusal of an inmate to participate in or comply with IFRP will ordinarily result in an inmate losing certain privileges); *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2d Cir. 1990). "[S]taff shall consider the inmate's efforts to fulfill those [IFRP] obligations as indicative of that individual's acceptance and demonstrated level of responsibility." § 545.10.

Ferraioli has now moved to modify the Court's restitution order with respect to what he is required to pay under the IFRP. Doc. #47. According to Ferraioli, he earns less than $10 per month from prison employment, while his family members deposit approximately $250 per month to his commissary account. *Id*. at 2. Ferraioli complains that the IFRP requires him to pay $150 per month toward restitution. *Ibid*. According to Ferraioli, while imprisoned, his restitution should be limited only to payment of his earnings from prison employment rather than payment of funds donated to his prison commissary account from his family.

I do not agree. To begin with, the Court contemplated at sentencing that Ferraioli would be liable to pay restitution while imprisoned from any funds he received from third parties. The Court's restitution order provides that Ferraioli "shall apply to any restitution still owed the value of any substantial resources *from any source* the defendant receives during the period of incarceration, including inheritance, settlement or other judgment in accordance with 18 U.S.C. § 3664(n)." Doc. #45 at 3 (emphasis added).

Similarly, the IFRP regulations provide that "[p]ayments may be made from institution resources or non-institution (community) resources." 28 C.F.R. § 545.11(b). This provision has been reasonably understood to mean that the BOP may assess payments under the IFRP for contributions by family members to an incarcerated defendant's prison account. *See Thurston v. Chester*, 386 F. App'x 759, 762 (10th Cir. 2010).

It is unlikely that Ferraioli will ever be able to pay back more than a fraction of the enormous amount of money that he and others took from the many victims of his crimes. Although Ferraioli's innocent family members may not have intended or anticipated their donations to him would be drawn upon to help compensate Ferraioli's equally innocent victims, it is not unfair to require Ferraioli to pay reasonable restitution from his assets or income, whatever the source of those resources.

Because Ferraioli was ordered at sentencing to pay restitution of at least $200 per month and because his monthly payments under IFRP are less than that amount, Ferraioli does not have grounds to complain that I have impermissibly delegated undue discretion to the BOP. *See United States v. Kyles*, 601 F.3d 78, 87 (2d Cir. 2010). At sentencing, I also made clear that Ferraioli may seek an adjustment of his restitution obligations in light of any change in financial circumstances. Doc. #44 at 2; Doc. #52 at 78. Although Ferraioli may think it unfair to pay restitution while incarcerated from money that his family gives him, I do not understand Ferraioli to argue that he is unable to pay the amounts he is required to pay under the IFRP.

## CONCLUSION

For the foregoing reasons, the motion to modify the restitution order is DENIED.

It is so ordered.

Dated at New Haven this 4th day of October 2019.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge